IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Charlene Bruton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:24-cv-05762-BHH |
| v. ) | |
| ) | **ORDER** |
| BMW Manufacturing Co. LLC, MAU ) | |
| Workforce Solutions, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Charlene Bruton ("Plaintiff") brings a Title VII claim for retaliation against Defendants BMW Manufacturing Co. LLC ("BMW") and MAU Workforce Solutions ("MAU") (collectively, "Defendants"). (ECF No. 1-1.) Defendants removed the case to this Court on October 10, 2024. (ECF No. 1.)

Now pending before the Court is Defendants' joint motion to dismiss Plaintiff's Title VII retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. (ECF No. 10.) Plaintiff filed a response in opposition, and Defendants filed a reply. (ECF Nos. 12, 14.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for preliminary consideration.

On January 22, 2025, United States Magistrate Judge William S. Brown issued a Report and Recommendation ("Report"), outlining the issues and recommending that the

Court grant Defendants' joint motion to dismiss due to Plaintiff's failure to exhaust her administrative remedies with respect to her Title VII retaliation claim. (ECF No. 15.)[1]

Plaintiff filed objections to the Report, and Defendants filed a joint reply to Plaintiff's objections. (ECF Nos. 16, 18.)

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The Report sets forth the relevant facts and standard of review, and no party objects to these portions of the Report. Accordingly, the Court incorporates those facts and standard of review without a recitation.

---

[1] The Magistrate Judge properly considered Plaintiff's charges of discrimination filed against Defendants in deciding Defendants' joint motion to dismiss. *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.").

In her objections, Plaintiff asserts that the Magistrate Judge failed to address her allegation in her EEOC Charge[2] that she was "discharged for making false allegations against BMW." (ECF No. 16 at 2-3; *see also* ECF Nos. 10-2, 10-3, Charges of Discrimination.) Based on this allegation alone, Plaintiff argues that "the retaliation claim 'reasonably relate[s]' to her allegations in the charge" and "would have been 'developed by reasonable investigation.'" (*Id.* at 3 (relying on *Evans v. Techs. Applications & Serv.*, 80 F.3d 954, 963 (4th Cir. 1996) (stating that "only those discrimination claims stated in the initial charge, **those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit**") (emphasis added)).) Thus, according to Plaintiff, had the Magistrate Judge analyzed this allegation under the *Evans* standard, he would have concluded that the retaliation claim was within the scope of her EEOC charge. (*Id.*)

Here, Plaintiff sets forth the following details in her EEOC Charge:

> I began my employment with BMW Manufacturing through MAU workforce in or around May 2023. I was hired as a rack picker and my performance was satisfactory. BMW was aware that I made a complaint through MAU about the working conditions.
>
> I started working full time at BMW as a rack picker. I was unclear of my expectations and the training I received was on the job. My workload was very difficult to complete. All other employees in my area had less work. I would have to work through lunch and breaks to catch up on my work. I complained to my representative at MAU and when I returned to work at BMW, my workload was like all other employees. My workload remained manageable, but it started to increase back to what it was. I complained a second time to a different MAU representative, but things remained the same at BMW. I started to get my work scrutinized and suspended for not completing work after my normal working hours. In or around December 2023, I was discharged for making false allegations toward BMW.

---

[2] While Plaintiff filed two charges of discrimination, one against each Defendant, they contain identical allegations. Therefore, the Court will refer to Plaintiff's charges of discrimination simply as "the EEOC Charge."

3

> I believe I have been discriminated against because of my sex, Female, in violation of Title VII of The Civil Rights Act of 1964 as amended.

(ECF Nos. 10-2, 10-3.) After review, the Court cannot conclude that Plaintiff's retaliation claim is reasonably related to her EEOC Charge. The allegations in her EEOC Charge do not correspond with the retaliation facts alleged in her complaint. Indeed, Plaintiff does *not* allege in her EEOC Charge that she informed MAU that she was filing a charge of discrimination with the EEOC; that MAU informed BMW of her EEOC application; that BMW management started treated her differently after learning of her EEOC Charge; that she made a request to MAU to speak with BMW human resources; that BMW told MAU it would not speak with her due to her contact with the EEOC; or that a week later, she was suspended and then terminated. (*Compare* ECF Nos. 10-2, 10-3 *with* ECF No. 1-1, ¶¶ 40-41, 43, 45, 48-50.) Plaintiff did not indicate in her EEOC Charge that she believes she was retaliated against for contacting the EEOC, for telling her employer she was going to file a charge of discrimination, or for filing a charge of discrimination with the EEOC. There is, in fact, no mention of the EEOC or any of the communications she now alleges she had with her employer about this agency prior to her termination in her EEOC Charge. *Accord Weatherford v. Salvation Army*, No. 4:22-CV-00103, 2023 WL 3116462, at *4 (W.D. Va. Apr. 27, 2023) (finding plaintiff exhausted his administrative remedies as to retaliation claim where plaintiff alleged "essentially all of the same major facts alleged in his "Amended Complaint"). Indeed, the EEOC Charge contains no indication that Plaintiff engaged in an activity protected by Title VII. Accordingly, the Court finds that Plaintiff's retaliation claim is not "reasonably related" to her EEOC Charge.

Plaintiff also argues that her retaliation claim is not subject to dismissal because an investigation would have revealed that the phrase "false allegations" in her EEOC

4

Charge actually means that she "had reported to her employer that she was filing an EEOC charge." (ECF No. 16 at 2-3.)

> Quite simply, a reasonable investigator would have asked her, "what do you mean, you were terminated for making false allegations? What false allegations?" And she would have explained that this referred to the fact that she told her employer she was filing an EEOC charge and that is what they fired her for. It is difficult to see the *Evans* analysis falling any other way.

(*Id.* at 3.)

The Court, however, finds that Plaintiff "asks too much from the rule of liberal construction." *Tetreault v. Advanced Fed. Servs. Corp.*, No. 4:11CV159, 2012 WL 1190720, at *3 (E.D. Va. Mar. 15, 2012) (rejecting plaintiff's claim that, despite the absence of details regarding a retaliatory discharge in her charge of discrimination, "it should be deemed sufficient to provoke a reasonable inquiry under the facts of this case as to why she had been discharged"), *R&R adopted*, No. 4:11CV159, 2012 WL 1190696 (E.D. Va. Apr. 9, 2012); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (noting that "lawyers do not typically complete the administrative charges, and so courts construe them liberally"). No matter how liberally construed, the Court finds that the EEOC Charge Plaintiff filed is inadequate to put Defendants on notice that she believed she had been retaliated against (i.e., terminated) within the meaning of Title VII. *See id.* at 510 (stating that the exhaustion requirement was intended by Congress "to serve the primary purposes of notice and conciliation"). In order to state a retaliation claim, a plaintiff must allege that: "(1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of [his employer]; and (3) [the employer] took the adverse action because of the protected activity." *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 543 (4th Cir.2003) (quoting *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 190 (4th Cir.

2001)). Comparing these well-established elements of the claim to the description in Plaintiff's EEOC Charge shows the latter was insufficient to inform either Defendants or the EEOC of Plaintiff's present claim that she was terminated for telling her employer that she was filing an EEOC charge. Mindful of the fact that courts "are not at liberty to read into administrative charges allegations they do not contain," *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013), the Court declines to hold that Plaintiff's counsel's statement – that the allegation of being discharged for making "false allegations against BMW" means that Plaintiff "had reported to her employer that she was filing an EEOC charge" – is sufficient to "show that [Plaintiff's] retaliation claim can be . . . expected to follow from the administrative investigation of [Plaintiff's sex] discrimination claim." *Johnson v. Portfolio Recovery Assocs. LLC*, 682 F. Supp. 2d 560, 577 (E.D. Va. 2009); *Young v. Hous. Auth. of Baltimore City*, No. CIV. WDQ-14-1764, 2015 WL 795132, at *3 (D. Md. Feb. 24, 2015) ("If the plaintiff fails to provide sufficient notice of her claim to the employer and the EEOC in the charge form, the plaintiff's claim is subject to dismissal."). *See, e.g., Smith v. First Union Nat. Bank*, 202 F.3d 234, 248 (4th Cir. 2000) (finding proper notice to defendant even where EEOC charge and judicial complaint alleged different retaliatory actions **because the central factual allegation—that management retaliated against plaintiff because of her complaints—remained consistent throughout**) (emphasis added); *Atkins v. FedEx Freight, Inc.,* No. 3:14-CV-505, 2015 WL 3444870, at *6–7 (E.D. Va. May 28, 2015) (finding exhaustion despite varying forms of alleged retaliation where **at least one form of the retaliation alleged in the complaint was explicitly included in the EEOC charge as well**) (emphasis added).

In sum, after careful review of the EEOC Charge and Plaintiff's allegations, as well as pertinent case law, the Court fully agrees with the Magistrate Judge that this action must be dismissed due to Plaintiff's failure to exhaust her administrative remedies. Furthermore, for the reasons sets forth above, the Court finds Plaintiff's arguments in her objections do not support a contrary conclusion.

## Conclusion

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 15); **overrules** Plaintiff's objections (ECF No. 16); **grants** Defendants' joint motion to dismiss, (ECF No. 10), and dismisses this action with prejudice.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

April 24, 2025
Charleston, South Carolina